## SHERRILL v. FIRST STATE BANK OF ROCK SPRINGS. (No. 7644.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1926. Rehearing Denied Jan. 5, 1927.)

Chattel mortgages ⬅164—Mortgagee of sheep and wool held not required to collect proceeds of sale of wool by mortgagor, in absence of express agreement.

Mortgagee in chattel mortgage on sheep and wool *held* not required to collect proceeds of sale of wool by mortgagor, in absence of express agreement, though mortgage provided that mortgagee receive wool for storage and sale.

Error from District Court, Edwards County; Joseph Jones, Judge.

Action by B. D. Sherrill against the First State Bank of Rock Springs. Judgment for defendant, and plaintiff brings error. Affirmed.

T. A. Williams, of Rock Springs, and James Cornell, of San Angelo, for plaintiff in error.

A. E. Aiken, of Rock Springs, and Douglas & Carter, of San Antonio, for defendant in error.

COBBS, J. Plaintiff in error sued defendant in error to recover damages for failing and neglecting to collect the proceeds from the sale of clips of wool delivered to defendant in error, being the fall 1919 and the spring 1920 clippings. The defendant in error held a chattel mortgage on the sheep and wool, but plaintiff in error was permitted to sell the wool, and, by the terms of the agreement, defendant in error undertook to collect the proceeds of the sales of the two clips of wool and apply them to the indebtedness due by plaintiff in error to defendant in error, paying and refunding to plaintiff in error any balance. Plaintiff in error alleges that defendant in error did not use diligence in collecting the proceeds of the sales, but grossly and negligently failed to do so. That the fall clip of wool weighed 6,000 pounds and sold for $3,500, and that the spring clip of wool weighed 6,000 pounds and sold for $3,000. That the money could have been collected for these two clips of wool by defendant in error, but it negligently failed to do so, and

this negligence was the proximate cause of the loss suffered by plaintiff in error. With sufficient responsive pleadings by defendant, the case went to trial with a jury, who, in reply to special issues submitted to them by the court, found in favor of defendant in error, and upon these findings the court entered judgment for defendant.

We do not pass upon the motion to strike out the statement of facts, because from an examination of the record we feel that the judgment of the trial court is supported by the evidence and should be affirmed, unless some error of law has been committed by the trial court in some ruling or in submitting or refusing to submit proper issues. It is true the mortgage provided that defendant agreed to receive certain clips of wool at a designated place for storage and sale, until the mortgage was fully satisfied, "using their best judgment and discretion to sell, or ship, or to consign for sale said wool." But there is no question about the delivery of the wool, and no question that the plaintiff in error was permitted to sell the same.

The court submitted the case upon plaintiff's theory that the defendant was required, by the terms of the agreement, to collect the money from the purchaser, and here was the battle ground—the pivotal point. The money was never collected from the purchasers, and defendant never released the lien on the sheep, until plaintiff paid off the debt from other sources.

The court submitted the real question of negligence, the foundation of plaintiff's suit, and the jury on the facts answered that defendant was not guilty of any negligence in failing to make the collections. To this issue the plaintiff interposed no objection. This finding required the court to render a judgment in accordance therewith, because that finding settled the substantial issues made by plaintiff as his cause of action. No reason is shown why plaintiff did not, in his own name and right, seek to compel the purchaser of the wool to pay for it.

Another issue submitted and found against plaintiff was that the directors of the bank did not authorize the officers of the bank to make the alleged agreement, which was a non-banking undertaking. Indeed, there is no evidence that the bank made any agreement to collect the proceeds of the wool sale from the parties to whom plaintiff, himself, sold the same. The sale having been made by plaintiff, himself, even though acquiesced in by defendant, there was no obligation on the part of defendant to collect the proceeds. There was no agreement expressly entered into to that effect, and none may arise by implication.

Having examined all the assignments and propositions presented by plaintiff in error, and finding no reversible error therein, the judgment is affirmed.